1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

WILLIE E. BENNETT,

                            Plaintiff,

     vs.

S.D. SHERIFF BILL KOLENDER, S.D.
MED. DIR. MR. VELK, DR. ADAMS, J.,

                   Defendants.

CASE NO. 08-CV-1553-H (JMA)

**ORDER DENYING
PLAINTIFF'S MOTION TO
ALTER OR AMEND
JUDGMENT**

[Doc. No. 71.]

     On June 17, 2010, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. No. 71.)  For the following reasons, the Court construes Plaintiff's motion under Rule 59(e) as a motion for leave to file an amended complaint against Defendant Adams, and DENIES the motion for leave to amend.

## Background

     On August 21, 2008, Willie E. Bennett ("Plaintiff"), a state prisoner currently incarcerated at the California State Prison, Centinela and proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that while Plaintiff was housed at the George Bailey Detention Facility he was denied adequate medical care following an injury to his jaw. (Doc. No. 1 at 11.)  On December 3, 2009, Plaintiff filed his Second Amended Complaint ("SAC"), naming as Defendants Bill Kolender, Medical Director Velk, Terence Davidson and

1   James Adams.  (Doc. No. 47.)  The SAC alleged that Plaintiff injured his jaw when he was

2   struck by a door on June 16, 2006, and that jail personnel neglected to respond to his

3   complaints of severe discomfort until June 19, 2006.  (SAC at 3.)  Plaintiff alleged that he was

4   seen by Defendant James Adams, M.D., who ordered x-rays on June 26, 2006 which revealed

5   that Plaintiff's jaw was broken. (Id..)  Plaintiff alleged that Defendant Adams is a physician

6   employed on site at the George Bailey Detention Center through a contractual agreement

7   between the UCSD Medical Center and the George Bailey Detention Center.  (Id. at 2.)

8   Plaintiff alleged that he was seen by Defendant Adams on June 22, 2006, that Adams entered

9   information about Plaintiff's injuries into Plaintiff's medical chart on June 27, 2006, and that

10  Adams referred Plaintiff to Defendant Davidson, a surgeon at the UCSD Medical Center.  (Id.

11  at 3-4.)  Plaintiff alleged that Defendants Davidson and Adams incorrectly diagnosed his

12  condition and failed to arrange for timely surgery.  (Id. ¶¶ 13-14.)

13          On April 28, 2010, the Court *sua sponte* dismissed the claims against Defendants

14  Adams and Davidson after concluding that the allegations in the SAC do not give rise to a

15  claim for deliberate indifference.  (Doc. No. 62 at 4-5.)  On June 17, 2010, Plaintiff filed a

16  motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

17  (Doc. No. 71.)

18                                    **Discussion**

19          Rule 59(e) states that a motion to alter or amend a judgment must be filed no later than

20  28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).  Plaintiff appears to seek leave

21  to file an amended complaint against Defendant James Adams in order to cure the deficiencies

22  in his SAC.  (Id. at 1-2.) The Court first notes that no judgment was entered after the Court *sua*

23  *sponte* dismissed Defendant Adams.  Accordingly, the Court construes Plaintiff's motion as

24  a motion for leave to file an amended complaint pursuant to Rule 15.

25          Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleading once

26  as a matter of right prior to service of a responsive pleading.  Thereafter, "a party may amend

27  that party's pleading only by leave of the court or by written consent of the adverse party and

28  leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The decision

1  whether to grant leave to amend "is entrusted to the sound discretion of the trial court." <u>Jordan</u>

2  <u>v. County of Los Angeles</u>, 669 F.2d 1311, 1324 (9th Cir.1982), vacated on other grounds, 459

3  U.S. 810 (1982).  "Five factors are taken into account to assess the propriety of a motion for

4  leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment,

5  and whether the plaintiff has previously amended the complaint."  <u>Johnson v. Buckley</u>, 356

6  F.3d 1067, 1077 (9th Cir. 2004) (citing <u>Nunes v. Ashcroft</u>, 348 F.3d 815, 818 (9th Cir.2003)).

7       Plaintiff's motion seeks leave to state a claims on the basis of "negligent acts" of

8  Defendant Adams and the doctrine of res ipsa loquitur.  (Doc. No. 71 at 1.)  Plaintiff alleges

9  that his injuries "could not have occurred unless" Defendant Adams was negligent.  (<u>Id.</u>)  The

10  Court previously concluded that the SAC did not sufficiently allege that Defendant Adams

11  exercised deliberate indifference to his serious medical needs.   (Doc. No. 62 at 4.)

12  Specifically, the Court stated:

13       While deliberate indifference to a prisoner's medical needs may give rise to a
     cause of action under § 1983, allegations of merely inadequate or even negligent
14       medical treatment do not state a claim for relief under § 1983.  <u>Estelle v.</u>
     <u>Gamble</u>, 429 U.S. 97, 105-06 (1976).  To support a § 1983 claim, the plaintiff
15       must demonstrate a conscious disregard of an excessive risk to his health or
     safety.  <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).  Delay in
16       providing medical treatment is not sufficient to establish deliberate indifference
     unless it causes substantial harm.  <u>Shapley v. Nevada Board of State Prison</u>
17       <u>Com'rs.</u>, 766 F.2d 404, 407 (9th Cir. 1985).

18  (<u>Id.</u> at 4-5.)  To the extent Plaintiff's motion alleges negligent medical treatment by Defendant

19  Adams, the Court concludes that any amendment of the complaint as against Defendant Adams

20  would be futile.  <u>Johnson v. Buckley</u>, 356 F.3d at 1077.  Because Plaintiff does not allege any

21  additional facts demonstrating a conscious disregard of an excessive risk to Plaintiff's health

22  by Defendant Adams, Plaintiff fails to state a claim for relief under section 1983.  Accordingly,

23  the Court DENIES Plaintiff's motion for leave to file an amended complaint.

## Conclusion

     For the reasons above, the Court construes Plaintiff's motion to alter or amend the

judgment pursuant to Federal Rule of Civil Procedure 59(e) as a motion for leave to file an

1  amended complaint against Defendant Adams.  Because the Court concludes that such an

2  amendment would be futile, the Court DENIES the motion.

3      **IT IS SO ORDERED.**

4  DATED: June 21, 2010

5  _____

   MARILYN L. HUFF, District Judge
6  UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28